**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

ANTHONY L. SANFORD,

Petitioner - Appellant,

v.

FRED FIGUEROA, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 08-1274

(D. Colorado)

(D.C. No. 1:07-cv-02047-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Anthony L. Sanford was convicted of aggravated robbery, kidnapping, and theft in Colorado state court on November 20, 1998, and sentenced to 56 years' imprisonment. His direct appeal was denied by the Colorado Court of Appeals, and the Colorado Supreme Court denied his petition for a writ of certiorari on September 12, 2001. On September 25, 2002, after twice seeking postconviction relief in state court, Mr. Sanford filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. He subsequently filed a motion in the district court to "delay judgment" so that he could exhaust a final claim in state court. On January 14, 2004, the district court dismissed his application without prejudice to permit him

to try to exhaust his state remedies. After filing two additional motions for postconviction relief in state court, Mr. Sanford filed a second § 2254 application in the district court on October 1, 2007. The district court denied his second application as time-barred under 28 U.S.C. § 2244(d). Mr. Sanford now seeks review in this court. We deny a certificate of appealability (COA) and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

Mr. Sanford does not challenge the district court's calculation that his present § 2254 application is untimely under 28 U.S.C. § 2244(d). Rather, he complains of the dismissal on essentially two grounds. First, he contends that applying § 2244(d) would deny him due process and equal protection of the law because that would circumvent Colorado law, which provides three years after a conviction to raise a collateral attack. But he could still avail himself of both Colorado and federal postconviction remedies simply by seeking relief in Colorado court within one year of his judgment of conviction. In any event, Colorado law cannot supersede a federal statute.

Second, Mr. Sanford complains that in his first § 2254 proceeding the district court should not have dismissed his claim. He correctly states that the dismissal, even though "without prejudice," foreclosed any future federal habeas relief because the one-year limitations period under § 2244(d) had expired while his § 2254 claim was pending. *See Duncan v. Walker*, 533 U.S. 167, 181–82 2001). He argues that the court, rather than dismissing the case, should have stayed and abated the action, as permitted by *Rhines v. Weber*, 544 U.S. 269 (2005). Mr. Sanford, however, did not appeal the prior dismissal without prejudice. And the district court had no duty to warn him of the consequences of

the dismissal. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004). To afford equitable tolling to Mr. Sanford in these circumstances would not be appropriate.

Because no reasonable jurist could debate the correctness of the district court's ruling on Mr. Sanford's second § 2254 application, we DENY his request for a COA and DISMISS this appeal. We GRANT Mr. Sanford's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge